UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Chyeanne Allataifeh )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Alden Lakeland Rehabilitation & Health )<br>Care Center, Inc. )<br>)<br>)<br>Defendant. ) | Case: 1:24-cv-01448<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

Defendant, ALDEN LAKELAND REHABILITATION AND HEALTH CARE CENTER, INC., by and through its attorney, Jennifer T. Rose, and for its Answer to Plaintiff's Complaint at Law, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII") for Defendant's unlawful discrimination based on Plaintiff's religion.

**ANSWER:** Defendant admits that Plaintiff asserts a Title VII claim, but denies that it has a basis in fact or that it engaged in unlawful discrimination.

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII is a federal statute.

**ANSWER:** Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:** Defendant admits that venue is appropriate but denies that it engaged in "events or omissions giving rise to Plaintiff's claims."

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

**ANSWER:** Defendant admits that jurisdiction is appropriate, but denies Plaintiff has a meritorious claim.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See attached Exhibit A.

**ANSWER:** Defendant admits that Plaintiff filed an employment discrimination charge with the EEOC, but denies the allegations in that charge.

6. Plaintiff received a Notice of Right to Sue from the EEOC. See attached Exhibit B.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

## PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

**ANSWER:** Defendant admits that Plaintiff is a natural person over the age of 18, but has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations related to Plaintiff's residency.

9. Defendant is a healthcare company that specializes in providing transitionary healthcare to senior citizens.

**ANSWER:** Defendant admits it is a long-term care facility, but denies the remaining allegations in Paragraph 9.

10. Defendant operates a facility located in Chicago, Illinois, where Defendant once employed Plaintiff.

**ANSWER:** Defendant admits the allegations in Paragraph 10.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER:** Defendant admits the allegations in Paragraph 11 of Plaintiff's Complaint at Law.

12. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint at Law.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a certified nursing assistant from October 11, 2023 until her unlawful termination on or about November 1, 2023.

**ANSWER:** Defendant admits Plaintiff was employed by Defendant as a certified nursing assistant, but denies the remaining allegations in Paragraph 13.

14. Plaintiff, a Palestinian-American, is a member of a protected class due to her religion (Muslim).

**ANSWER:** Defendant admits Plaintiff is a Palestinian-American, but denies the remaining allegations in Paragraph 14 and further moves to strike Paragraph 14 to the extent it calls for a legal conclusion.

15. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class (non-Muslims) in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 16.

17. On or about October 23, 2023, Plaintiff requested Fridays off to ensure that Plaintiff could freely practice her religion as Friday is a designated prayer day in Islam.

**ANSWER:** Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, deny same.

18. Plaintiff's request was denied immediately on the basis that the November schedule had already been completed.

**ANSWER:** Defendant denies the allegations in Paragraph 18.

19. Rather than respond to Plaintiff's request professionally and in a dignified manner, Plaintiff's supervisor instead asked Plaintiff "When did you become Muslim?"

**ANSWER:** Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant failed to accommodate Plaintiff's religion-based request.

**ANSWER:** Defendant denies the allegations in Paragraph 20.

21. On or about October 26, 2023, Plaintiff became severely ill and requested the next four days off.

**ANSWER:** Defendant denies the allegations in Paragraph 21.

22. In support of her request for time off, Plaintiff provided a doctor's note to her supervisor which reflected the day she can return to work.

**ANSWER:** Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, deny same.

23. In response to Plaintiff's request for time off, Defendant demanded that Plaintiff also submit her medical history, which is highly private and objectively immaterial to Plaintiff's request for time off.

**ANSWER:** Defendant denies the allegations in Paragraph 23.

24. Plaintiff found Defendant's invasive request odd considering sick days are fairly commonplace and that Plaintiff had not requested a medical accommodation of any kind.

**ANSWER:** Defendant denies the allegations in Paragraph 24.

25. On or about November 1, 2023, Plaintiff returned to work in accordance with her doctor's recommendation.

**ANSWER:** Defendant denies the allegations in Paragraph 25.

26. That same day, Plaintiff was terminated for missing work despite having requested the days off and submitting supporting medical documentation that substantiated the medical need for time off.

**ANSWER:** Defendant denies the allegations in Paragraph 26.

27. Specifically, Defendant informed Plaintiff that the termination was due to Plaintiff missing a day of work and being late to a shift.

**ANSWER:** Defendant denies the allegations in Paragraph 27.

28. Defendant's basis made no sense to Plaintiff as she was unaware of any missed days or being late to any shifts.

**ANSWER:** Defendant denies the allegations in Paragraph 28.

29. After further inquiry, Defendant informed Plaintiff that there was a schedule change that Plaintiff was never informed of that resulted in a change to Plaintiff's shifts. In other words Plaintiff was terminated, in part, for missing a shift that she had no knowledge of.

**ANSWER:** Defendant denies the allegations in Paragraph 29.

30. The basis that Defendant provided for Plaintiff's termination was pretext because (1) shifts customarily did not change once made, and (2) Plaintiff was not late for the shift that Defendant claimed Plaintiff was late for.

**ANSWER:** Defendant denies the allegations in Paragraph 30.

31. Based on the foregoing, there is compelling evidence that Plaintiff was terminated on the basis of her religion.

**ANSWER:** Defendant denies the allegations in Paragraph 31.

## DAMAGES

32. As a result of Defendant's conduct as set forth herein, Plaintiff suffered an adverse employment action in the form of termination.

**ANSWER:** Defendant denies the allegations in Paragraph 32.

33. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial hardship, and loss of enjoyment of life.

**ANSWER:** Defendant denies the allegations in Paragraph 33.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Religion-based Discrimination)

34. Plaintiff repeats and re-alleges all preceding as though fully set forth herein.

**ANSWER:** Defendant repeats and re-alleges its answers to paragraphs 1 through 33 as and for its answer to Paragraph 34 as if fully stated herein.

35. "Title VII prohibits employers from 'discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Sklyarsky v. Harvard Maint., Inc., 2014 U.S. Dist. LEXIS 96187, at *12 (N.D. Ill. 2014) citing 42 U.S.C. §2000e-2(a)(l) (emphasis added).

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 35, since Title VII speaks for itself but denies its applicability hereto or any violation hereof.

36. To state a Title VII religious discrimination claim, a plaintiff must allege that (1) her bona fide religious observances or practice conflicts with an employment requirement; (2) she called the observance or practice to her employer's attention; and (3) the religious observance or practice was the basis for an adverse employment decision. Mahran v. Cnty. Of Cook, 2023 U.S. Dist. LEXIS 206308, at *5-6 (N.D. Ill. 2023) citing Adeyeye v. Heartland Sweeteners, LLC, 721 F. 3d 444,449 (7th Cir. 2013).

5

**ANSWER:** Defendant moves to strike Paragraph 36 as improperly calling for a legal conclusion or analysis.

37. Plaintiff's bona fide religious practice of praying on Fridays conflicted with Plaintiff's work schedule.

**ANSWER:** Defendant denies the allegations in Paragraph 37.

38. Defendant discriminated against Plaintiff by terminating Plaintiff's employment shortly after Plaintiff disclosed her religion and requested a religion-based accommodation (not working Fridays).

**ANSWER:** Defendant denies the allegations in Paragraph 38.

39. Plaintiff suffered an adverse employment action in the form of termination as a result of Defendant's discrimination.

**ANSWER:** Defendant denies the allegations in Paragraph 39.

40. Based on the foregoing, Defendant willfully discriminated against Plaintiff based on her religion (Muslim) in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 40.

41. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 41.

## COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (Failure to Accommodate Religious Belief or Practice)

42. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Defendant repeats and re-alleges its answers to paragraphs 1 through 41 as and for its answer to Paragraph 42 as if fully stated herein.

43. Title VII requires an employer to reasonably accommodate an employee's religious beliefs or practices, unless doing so would cause an undue burden on the employer.

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 43, since Title VII speaks for itself but denies its applicability hereto or any violation hereof.

44. Plaintiff holds a sincere religious belief (Islamic Friday prayer) and requested accommodation to practice her religion on Fridays.

**ANSWER:** Defendant has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of Plaintiff's Complaint and, therefore, deny same.

45. Defendant was aware of the religious practice and the need for accommodations.

6

**ANSWER:** Defendant denies the allegations in Paragraph 45.

46. Defendant failed to engage in an interactive process to determine the appropriate accommodations after Plaintiff requested a reasonable accommodation.

**ANSWER:** Defendant denies the allegations in Paragraph 46.

47. The religion-based accommodation that Plaintiff requested was objectively reasonable and did not place an undue burden on Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 47.

48. Instead of taking steps to accommodate Plaintiff's request to not work on Fridays, Defendant terminated Plaintiff on the basis of her religion and religious practices.

**ANSWER:** Defendant denies the allegations in Paragraph 48.

49. Accordingly, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's sincerely held religious beliefs or practices in violation of Title VII.

**ANSWER:** Defendant denies the allegations in Paragraph 49.

50. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in Paragraph 50.

Dated: April 18, 2024

Respectfully Submitted,

By: /s/ Jennifer Tomsak Rose
Attorney for Defendant

Jennifer Tomsak Rose
Alden Management Services, Inc.
4200 W. Peterson Ave., Suite 140
Chicago, Illinois 60646
T: 773-724-6405 / F: 773-286-8371
legaldept@thealdennetwork.com
Jennifer.rose@thealdennetwork.com

NOTICE OF FILING AND CERTIFICATE OF SERVICE

To: Marwan Daher
Mohammed O. Badwan
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
630-575-8181
Email: mbadwan@sulaimanlaw.com; mdaher@sulaimanlaw.com

The undersigned attorney hereby certifies that on April 18, 2024, she electronically filed the foregoing Defendant's ANSWER with the Clerk of the Court using the CMF/ECF filing system, which sent notice of such filings to the attorneys of record in this case.

By: /s/ Jennifer Tomsak Rose
Attorney for Defendant

Jennifer Tomsak Rose
Alden Management Services, Inc.
4200 W. Peterson Ave., Suite 140
Chicago, Illinois 60646
T: 773-724-6405 / F: 773-286-8371
legaldept@thealdennetwork.com
Jennifer.rose@thealdennetwork.com

8